988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. EVANS, Plaintiff-Appellant,
v.
Robert MILLER, et al., Defendants-Appellees.
 No. 92-15600.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-91-00025-ECR, Edward C. Reed, Jr., District Judge, Presiding.
 D.Nev.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael R. Evans, a Nevada state prisoner, appeals pro se the district court's order granting summary judgment to appellees and dismissing his 42 U.S.C. § 1983 action. Evans claims that appellees denied him and other similarly situated inmates throughout the Nevada Department of Prisons meaningful access to the courts by not providing satellite libraries in segregated prison units and by only providing prisoners in segregated units access to the prison law libraries through untrained inmate law clerks. Evans contends that the district court erred in granting summary judgment, because the affidavits he proffered controverted the affidavit and exhibits submitted by the appellees and, therefore, there are genuine issues as to material facts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). For prisoners incarcerated in segregated units, a system of satellite law libraries and inmate law clerks may meet constitutional standards. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir.1985). If a state denies a prisoner reasonable access to a law library, the state must provide the prisoner legal assistance. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir.1991); Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, McCarthy v. Toussaint, 481 U.S. 1069 (1987), and cert. denied, Toussaint v. McCarthy, 481 U.S. 1069 (1987). "[I]f one of the core requirements under Bounds is involved--the adequacy of either law libraries or legal assistance--then there is no 'actual injury' requirement." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (citation omitted).
 
 
 5
 Evans alleged that all inmates housed in administrative segregation and disciplinary segregation within the Nevada Department of Prisons do not have direct access to law libraries (CR 1 at 3A-3C).[1] Evans alleged that such prisoners only have access to the library through untrained inmate law clerks and that there are no training programs or continuing education programs for inmate law clerks in the Nevada Department of Prisons (id.).[2]
 
 
 6
 In their motion for summary judgment, appellees argued that this court found, in Wood, 900 F.2d. at 1335, that the system of satellite law libraries and inmate law clerks provided by the Nevada State Prison was constitutionally adequate (CR 9 at 3). In addition, appellees argued that Evans could not allege an "actual injury" (id. at 4). To support their motion, appellees attached copies of law library supply request forms showing that Evans had successfully used the system in place to conduct legal research while confined in the administrative segregation unit at the Nevada State Prison (id., Exh. A). Appellees also submitted the affidavit of correctional officer David S. Kuzirian (id., Exh. B). Kurizian asserted that "the law library at the Nevada State Prison is provided for the use of all inmates so they may exercise their constitutional right of access to the courts" (id. at 2). Kurizian asserted that the Nevada State Prison has 18 positions for inmate law clerks and that the inmate law clerks receive instruction on a daily basis (id.). Kurizian asserted that "[s]enior inmate law clerks instruct for 10-15 minutes in issues pertaining to the judicial process, due process, etc" (id.).
 
 
 7
 Evans opposed appellees' motion for summary judgment with two affidavits setting forth specific facts which controverted the assertions that there are adequate library facilities. In his own affidavit, Evans asserted that there was no satellite library in the administrative segregation unit in the Southern Desert Correctional Center; the books in the satellite library in the Nevada State Prison were either missing or destroyed; and the satellite library in the segregation units of Ely State Prison was available only to inmates in protective custody or on death row (CR 10, Aff. of Michael R. Evans at 1-3). Another inmate asserted that there is no satellite law library in the segregated units at the Ely State Prison and in certain units of the segregated units at the Nevada State Prison (id., Aff. of Nolan Klein at 1).
 
 
 8
 While appellees have proffered evidence on the existence of a law library in the Nevada State Prison, the evidence is controverted by the affidavits submitted by Evans. Moreover, appellees have proffered no evidence regarding law libraries at other prisons within the Nevada Department of Prisons. Thus, Evans has set forth specific facts showing that the existence of satellite law libraries in segregated units within the Nevada Department of Prisons remains a genuine issue for trial. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1045.
 
 
 9
 With respect to inmate law clerk training, Evans proffered evidence that the inmate law clerks do not have the appropriate level of training to provide meaningful assistance (id., Aff. of Evans at 4). Another inmate asserted that law clerks were "never required by prison officials to obtain any training as a law clerk, nor was there any training offered by prison officials, either at the Ely State Prison or the Nevada State Prison" (id., Aff. of Klein at 2).
 
 
 10
 While appellees proffered evidence that inmate law clerk training is provided, it is directly controverted by the evidence proffered by Evans. Moreover, it is not clear that the "training" that is conducted is constitutionally adequate. "Bounds requires the assistance of those 'trained' in the law; the appearance of minimal capacity to assist other inmates alone plainly does not suffice." Gluth, 951 F.2d 1504. Thus, Evans has set forth specific facts showing that the training of inmate law clerks within the Nevada Department of Prisons remains a genuine issue for trial. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1045.
 
 
 11
 Evans has established that the existence of satellite law libraries in segregated units within the Nevada Department of Prisons and the existence and scope of inmate law clerk training programs remain genuine issues for trial. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1045. Accordingly, the district court's order granting summary judgment to appellees is vacated and the case is remanded for further proceedings.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evans requested that a class be certified for all those in segregated units who are required to use satellite libraries or rely on inmate law clerks (CR 3). Evans's complaint and motion for class certification state that this action challenges the conditions in the several prisons within the Nevada Department of Prisons (CR 1, 3). The district court determined that "the plaintiff has probably met the requirements of certification of a class action" (CR 31, 34). The district court found that the "equitable relief requested by the plaintiff would, if granted, benefit the entire proposed class" (id.). Class certification, however, was denied because the defendants' motion for summary judgment was granted (id.)
 
 
 [2]
 In his complaint, Evans alleged that "all inmates housed in administrative segregation and disciplinary segregation within the Nevada Department of Prisons do not have direct access to law libraries" (CR 1 at 2B). Evans has been housed in Southern Desert Correctional Center, Nevada State Prison, and Ely State Prison (CR 10)